Michael R. O'Neal, Counsel Girard Public Library 20 West 2nd Avenue, 2nd Floor P.O. Box 2977 Hutchinson, Kansas 67504
Dear Mr. O'Neal:
As the attorney for the Girard Public Library, you inquire whether it is the governing body of the city or the governing body of the city library[1] that determines the amount of the annual tax for an employee benefits contribution fund established for the city library.
You mention that past Attorney General opinions have concluded that it is the city library board that determines the amount of the tax levied to maintain the library.[2] However, those opinions rest on an interpretation of K.S.A. 12-1220, which requires a city governing body to "establish [a city] library and . . . annually levy a tax for the maintenance [of the library] . . . in such sum as the library board shall determine. . . ."[3]
The answer to your question lies not in K.S.A. 12-1220 but, rather, in K.S.A. 12-16,102. K.S.A. 12-16,102 authorizes a taxing subdivision[4] to create employee benefits contribution funds for both the taxing subdivision and "any political subdivision for which a tax is levied by such taxing subdivision for the purpose of paying the employer's share of any employee benefits . . . as may be prescribed in the ordinance . . . of the governing body creating such funds." In a situation involving a city library created pursuant to K.S.A. 12-1218 et seq., the city is the "taxing subdivision" and the city library is the "political subdivision" referred to in K.S.A 12-16,102.[5]
Section (c) of K.S.A. 12-16,102 addresses the annual tax:
 "(c) The governing body of any taxing subdivision
having established employee benefits funds . . . is hereby authorized to levy an annual tax upon all taxable tangible property within the taxing subdivision in an amount determined by the governing body to be necessary for the purposes for which such funds were created. . . ."[6]
Prior to 1978, when K.S.A. 12-16,102 was enacted, cities and counties levied separate taxes to fund a variety of employee benefit programs such as pension plans,[7] worker's compensation,[8] and unemployment insurance.[9]
K.S.A. 12-16,102 offered an alternative to levying a separate tax for each program by creating one employee benefits fund and levying one tax for the taxing subdivision/employer's share of employee benefits.[10]
However, when K.S.A. 12-16,102 was enacted, only cities, counties, and other political subdivisions authorized to levy taxes had the authority to create the employee benefits contribution fund.[11] City library boards established pursuant to K.S.A. 12-1218 et seq. did not.[12]
In 1983, K.S.A. 12-16,102 was amended to address this problem by authorizing taxing subdivisions to create employee benefits funds for those political subdivisions on whose behalf taxes were levied by the taxing subdivision.[13] The below italicized portion in subsection (b) of K.S.A. 12-16,102 highlights the amendments:
 "(b) Any taxing subdivision[14] may create and establish an employee benefits contribution fund funds for (1) the taxing subdivision or (2) any political subdivisionfor which a tax is levied by such taxing subdivision for the purpose of paying the employer's share of any employee benefits, exclusive of any salaries, wages or other direct payments to such employees, as may be prescribed in the ordinance or resolution of the governing body creating such fund funds. The taxing subdivision may receive and place in such fund funds any moneys from any source whatsoever which may be lawfully utilized for the purposes stated in the ordinance or resolution creating such fund funds, including the proceeds of tax levies authorized by law for such purposes."
 The State Librarian and the Kansas Library Association hadinitially requested new legislation authorizing a municipality tocreate an employee benefit fund for a municipal library andlevying additional taxes to finance the fund.[15] Theoriginal bill authorized a municipality to levy an annual tax "inan amount certified to the governing body of the municipalityby the public library to be necessary for the purposes forwhich the fund was created."[16]
 The League of Kansas Municipalities suggested that newlegislation was unnecessary because K.S.A. 12-16,102 wouldsuffice with the amendments referenced above.[17] TheLeague was successful in its efforts but the result leftunchanged the 1978 verbiage in subsection (c) allowing thegoverning body of the taxing subdivision to establish theamount of the annual tax.
 Moreover, when interpreting K.S.A. 12-16,102, we are mindfulof one of the rules of statutory construction that presumes thatidentical words used in different parts of the same statute areintended to have the same meaning throughout the act.[18]The reference to "governing body" in subsection (c) of K.S.A.12-16,102 refers to "the governing body of any taxingsubdivision" as the entity responsible for levying the annualtax. The second time "governing body" is used in subsection (c)is in conjunction with its role in determining the amount of thetax levy. The reference to "governing body" throughout thisstatute[19] refers to the taxing subdivision'sgoverning body — not the political subdivision's governingbody.
 Taking into consideration this rule of statutory constructionand the legislative history of K.S.A. 12-16,102, it is ouropinion that it is the governing body of the taxing subdivisionthat determines the amount of the annual tax, not the governingbody of the political subdivision for which the employee benefitscontribution fund was created.
 Sincerely,
 Phill Kline Attorney General
 Mary Feighny Assistant Attorney General
 PK:JLM:MF:jm
[1] Established pursuant to K.S.A. 12-1218 et seq.
[2] Attorney General Opinions No. 2006-4, 86-36, 82-193.
[3] Emphasis added.
[4] "Taxing subdivision" generally includes a city, county,township or other political subdivision having authority to levytaxes on taxable tangible property. K.S.A. 12-16,102(a).
[5] Attorney General Opinions No. 98-39, 89-50, 82-136.
[6] Emphasis added.
[7] K.S.A. 13-14,100, 13-14a02, 14-10a02.
[8] K.S.A. 2005 Supp. 44-505c.
[9] K.S.A. 44-710e. See Attorney General Opinion No.86-140.
[10] Attorney General Opinions No. 86-140 and 85-171.
[11] L. 1978, Ch. 67, § 1.
[12] Attorney General Opinion No. 82-136.
[13] Supplemental Note on 1983 S.B. 65.
[14] Any city, county, township, community junior collegedistrict or other political subdivision having authority to levytaxes on taxable tangible property. K.S.A. 12-16,102, as amendedby L. 1983, Ch. 65, § 1.
[15] Note 13.
[16] Emphasis added.
[17] Minutes, Senate Committee on Local Government, February1, 1983.
[18] Kilner v. State Farm Mut. Auto Ins. Co., 252 Kan. 675,685 (1993).
[19] Subsection (b) refers to the "ordinance or resolution ofthe governing body creating such funds."
 (Emphasis added).